UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ELMER JAMES BURNETT,

    Petitioner,

v.             CASE NO. 06-15214
               HONORABLE JOHN CORBETT O'MEARA

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

  This matter is pending before the Court on petitioner Elmer James Burnett's application for the writ of habeas corpus under 28 U.S.C. § 2254 and respondent Sherry Burt's motion to dismiss the habeas petition. The Court agrees with Respondent that the habeas petition is time-barred.[1] Accordingly, Respondent's motion will be granted, and the habeas petition will be dismissed.

**I. Background**

  **A. The Convictions, Sentence, and Direct Review**

  In 1986, Petitioner was convicted, as charged, of: two counts of first-degree murder, MICH. COMP. LAWS § 750.316; breaking and entering with intent to commit murder, MICH. COMP. LAWS § 750.110; arson, MICH. COMP. LAWS § 750.72; conspiracy to commit murder and

---

  [1] Although Respondent has not filed the state court record to date, the Court has been able to confirm the critical facts set forth in Respondent's motion through the use of state court records available on the Internet.

arson, M̄ICH. C̄OMP. L̄AWS § 750.157a; three counts of assault with intent to commit murder, M̄ICH. C̄OMP. L̄AWS § 750.83; and possession of a firearm during the commission of a felony, M̄ICH. C̄OMP. L̄AWS § 750.227b.  On May 6, 1986, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of:  life imprisonment for the murder, conspiracy, and assault convictions; thirteen to twenty years in prison for the arson conviction; and ten to fifteen years in prison for the breaking and entering. The Michigan Court of Appeals reversed Petitioner's three assault convictions, but affirmed his other convictions and sentences in a published decision.  *See People v. Burnett*, 166 Mich. App. 741; 421 N.W.2d 278 (1988).  On November 30, 1988, the Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal.  *See People v. Burnett*, No. 83164 (Mich. Sup. Ct. Nov. 30, 1988).

### B.  The AEDPA and State Collateral Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year limitations period for filing habeas petitions under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244(d).  On November 12, 1997, Petitioner filed a motion for relief from judgment in the trial court.  He filed amendments to the motion in 2000, and on November 3, 2000, the trial court denied his motion.  The Michigan Court of Appeals denied leave to appeal the trial court's decision.  *See People v. Burnett*, No. 232199 (Mich. Ct. App. May 22, 2001).  Petitioner applied for leave to appeal in the Michigan Supreme Court, but the State's high court rejected his application as untimely on January 31, 2003.

### C.  The Habeas Petition

Petitioner initiated this action on November 13, 2006, by submitting a request for

2

permission to file a delayed petition for the writ of habeas corpus in this Court.[2] On December 11, 2006, United States Magistrate Judge R. Steven Whalen granted Petitioner's request and ordered him to file his habeas petition within twenty-one days. Magistrate Judge Whalen stated that his ruling was not meant to imply that the habeas petition would be timely filed and that "[a] decision on the timeliness of the habeas petition [would] be made by United States District Judge John Corbett O'Meara . . . ."

Petitioner ultimately filed his habeas petition on July 2, 2007. His claims are: (1) the procedural prerequisites embodied in Michigan Court Rule 6.500 may not be applied retroactively; (2) a police officer's unresponsive testimony incited the jury's passions or appealed to their sympathies; (3) "bad acts" evidence was erroneously admitted at trial; (4) his right to confront witnesses was violated by the trial court's refusal to permit defense counsel to re-cross examine a witness; (5) the State's conduct and trial tactics deprived him of due process and an impartial jury; (6) the trial court foreclosed the possibility of no verdict by administering a coercive oath to render a true verdict; (7) there was insufficient evidence at trial to support the charge of breaking and entering an occupied dwelling; (8) two witnesses' identification of him was tainted by unduly suggestive photographic procedures; (9) trial and appellate counsel provided ineffective assistance; and (10) the cumulative effect of errors deprived him of trial by an impartial jury. Respondent Sherry Burt argues in her motion to dismiss the habeas petition that Petitioner's pleading is barred from substantive review because Petitioner failed to comply with the statute of limitations.

---

[2] The request was signed on November 13, 2006, but received and filed by the Clerk of Court on November 22, 2006.

## II. Discussion

The one-year statute of limitations for habeas petitions filed by state prisoners ordinarily runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner is not asserting a new constitutional right or a factual predicate that could not have been discovered earlier. Nor has he alleged that a state-created impediment prevented him from filing a timely habeas petition. Thus, subsection 2244(d)(1)(A) is the only relevant subsection here.

Petitioner's conviction became final for purposes of subsection 2244(d)(1)(A) on February 28, 1989, or ninety days after the Michigan Supreme Court denied leave to appeal in 1988. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (explaining that the one-year limitations period begins to run under § 2244(d)(1)(A) when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired" and that a "criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari"). For prisoners like Petitioner, whose convictions became final before the AEDPA was enacted on April 24, 1996, there was a

4

grace period of one-year, or until April 24, 1997, to file their habeas petitions. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). Petitioner sought to file his habeas corpus petition over nine years later. Consequently, his habeas petition is time-barred, absent tolling of the one-year limitations period.

### A. Statutory Tolling

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)." *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). Petitioner pursued collateral review in state court, but he did not file his post-conviction motion for relief from judgment until November 12, 1997. The limitations period expired on April 24, 1997. Consequently, his motion had no affect on the statute of limitations. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

### B. Equitable Tolling

Equitable tolling applies to the one-year limitations period for habeas petitions, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but a petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this Circuit, courts also consider and balance the following four factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

5

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). "These factors . . . are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Petitioner admits that the AEDPA's provisions apply to his case, and the only argument he makes in favor of equitable tolling is that the delay in filing his habeas petition will not prejudice the State's ability to respond to his claims. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Petitioner has not alleged any other factor that might justify tolling the limitations period. Therefore, absence of prejudice to the State is not a basis for equitable tolling.

The habeas petition would be untimely even if the Court were to toll the limitations period until January 31, 2003, when Petitioner concluded state collateral review of his conviction. He waited over three and a half years after the Michigan Supreme Court rejected his untimely appeal on January 31, 2003, to seek federal court review of his convictions. Thus, his habeas petition is time-barred even under a generous view of the law and facts. Given the circumstances, equitable tolling is not appropriate. Petitioner has not shown that he was diligent in pursuing relief for his claims, and he has not alleged that he was ignorant of, or lacked notice or constructive knowledge of, the filing requirement.

**III. Conclusion**

Petitioner failed to comply with the one-year statute of limitations, and he is not entitled to tolling of the limitations period. Accordingly, Respondent's motion to dismiss [Dkt. 13, January 16, 2008] is GRANTED, and the habeas corpus petition [Dkt. 9, July 2, 2007] is DISMISSED with prejudice. The Court DECLINES to issue a certificate of appealability because a clear procedural bar exists, and reasonable jurists would not find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the . . . [C]ourt was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

        s/John Corbett O'Meara
        United States District Judge

Date: March 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 5, 2008, by electronic and/or ordinary mail.

        s/William Barkholz
        Case Manager